IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Theron A. Rodden, | ) | C/A No. 1:10-1208-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On September 7, 2011, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Defendant in this action was not substantially justified. Defendant filed a response on September 23, 2011, objecting to the award of fees on the ground that the government's position was substantially justified.

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,*

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the could should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court has concluded that the position of the Commissioner was not substantially justified.[2] Therefore, after a thorough review of the record in this case, the court determines that a proper showing has been made under EAJA and that the attorney's fees should be approved by this court.

Plaintiff's attorney seeks an hourly of $163.42 per hour for 12.40 hours. The Commissioner has made no response to Plaintiff's calculation of the hourly rate and the court finds such calculation reasonable. Plaintiff seeks a total of $2,026.41 in attorney fees.

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is therefore ordered that Plaintiff is awarded $2,026.41 in attorney's fees as requested by Plaintiff's counsel.[3]

---

[2] As the Commissioner points out in his response, Plaintiff incorrectly states that the Commissioner voluntarily requested a remand in this case. The Commissioner did not file a motion to remand in this case.

[3] The fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires

**IT IS SO ORDERED.**

          s/Timothy M. Cain
          United States District Judge

November 14, 2011
Greenville, South Carolina

---

that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).